# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60744
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2015

Lyle W. Cayce
Clerk

ZHIXIN CHEN,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 292 355

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Zhixin Chen, a native and citizen of the People's Republic of China, petitions for review of a decision by the Board of Immigration Appeals (BIA) adopting and affirming a decision of the immigration judge (IJ) finding him removable and denying his requested forms of relief. The IJ found that Chen was not credible and that he had therefore failed to establish his claim for asylum, statutory withholding of removal, and withholding of removal under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60744

the Convention Against Torture (CAT). The IJ determined that, even if Chen had been credible, he had not established past persecution or a well-founded fear of future persecution.

Chen challenges the adverse credibility determination made by the BIA and IJ. He asserts that the BIA and IJ improperly based the credibility determination "almost entirely" on his submission of a counterfeit marriage certificate even though the marriage certificate had nothing to do with his asylum claim. He maintains that the IJ's ruling that his demeanor while testifying supported an adverse credibility determination was not substantiated. According to Chen, the BIA and IJ did not make their credibility determinations based upon the totality of the circumstances as they were required to do. Chen argues that the BIA and IJ erred by finding that he had not substantiated his claims with corroborating evidence. He also challenges the IJ's alternative finding that, even if his testimony were credible, he had not established past persecution or a well-founded fear of future persecution.

When considering a petition for review, we have the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We may review the IJ's ruling as well as the BIA's decision in this case because the BIA adopted the IJ's ruling. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Before the BIA, Chen raised only his claims regarding the counterfeit marriage certificate and the IJ's alternative finding that, even if his testimony were credible, he had not established past persecution or a well-founded fear of future persecution. He did not raise his claims concerning the credibility of his demeanor, whether the totality of the circumstances had been considered

in the credibility determination, and whether he had substantiated his testimony with corroborating evidence.   Accordingly, we do not have jurisdiction to consider these claims.   *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Chen argues that the BIA and IJ erred by making an adverse credibility determination based upon the counterfeit marriage certificate.   He maintains that the marriage certificate was not related to his asylum claim and that he had no reason to submit a counterfeit marriage certificate.   He contends that it was error for the BIA and IJ to rely on the counterfeit marriage certificate in making their credibility determinations because there were no inconsistencies between his asylum application and his testimony at the asylum hearing and because there was no finding that he knew that the marriage certificate was counterfeit.

An immigration court's findings of fact are reviewed for substantial evidence.   *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).   We may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."   *Id.* at 537. It is the factfinder's duty to make determinations based on the credibility of witnesses, and we cannot substitute our judgment for that of the BIA or IJ with respect to factual findings based on credibility determinations.   *Chun v. I.N.S.*, 40 F.3d 76, 78 (5th Cir. 1994).   However, an adverse credibility determination still must be supported "by specific and cogent reasons derived from the record."   *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

The Department of Homeland Security Forensic Document Laboratory determined that the marriage certificate that Chen submitted was counterfeit. While Chen asserted his disbelief that it could be counterfeit, he did not submit any evidence showing that the marriage certificate was genuine.   Although the

marriage certificate was not germane to Chen's asylum claim, under the REAL ID Act, the BIA and IJ were entitled to rely upon any inconsistency or discrepancy, not just those which went to the heart of the asylum claim. *See Wang*, 569 F.3d at 538-39. While there is some precedent from other circuits providing that the submission of counterfeit documents, by itself, cannot be sufficient to support an adverse credibility finding if there is no evidence that the alien knew that the submitted documents were counterfeit, *see Corovic v. Mukasey*, 519 F.3d 90, 97-98 (2d Cir. 2008), this does not save Chen's asylum claim, as there were multiple other reasons supporting the adverse credibility finding.

Contrary to Chen's assertion, there was at least one inconsistency between his asylum application and his testimony at the asylum hearing. In his asylum application, Chen stated that when he complained to the factory director about the factory director's corruption, he was demoted to a janitorial position. At the asylum hearing, however, he stated that he was demoted to a position as a gate guard. When confronted with this discrepancy, Chen first stated that part of a gate guard's duties involved cleaning, then stated that his asylum application was incorrectly translated by his attorney, and then returned to his original explanation without ever providing a plausible explanation for the inconsistency.

Despite stating that his wife had his neighborhood committee certificate that prevented him from finding work because it stated that he had participated in a protest, Chen did not produce that document, explaining only that by the time his wife found that document, he thought it was too late. As this was reasonably available corroborating evidence that Chen failed to produce, the BIA and IJ were entitled to consider the lack of production of this

document in making their credibility determinations.  *See* § 1158(b)(1)(B)(ii); *Yang v. Holder*, 664 F.3d 580, 584-87 (5th Cir. 2011).

Given these reasons and the IJ's determination regarding Chen's demeanor, the adverse credibility determination was supported "by specific and cogent reasons derived from the record." *Zhang*, 432 F.3d at 344.  The totality of the circumstances does not compel a finding that Chen was credible, and accordingly we will not disturb the adverse credibility determination.  *See Wang*, 569 F.3d at 537-39.  As the adverse credibility determination was supported by substantial evidence and was a sufficient ground for the BIA's ruling, we do not reach Chen's challenge to the IJ's alternative determination that, even if his testimony were credible, Chen had not established past persecution or a well-founded fear of future persecution.  *See Chun*, 40 F.3d at 79.

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.